IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ADRIAN LEWIS PURCELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:11CV577 |
| CITY OF GREENSBORO and | ) | |
| OFFICER T. ANDREW BOYER, | ) | |
| Individually, | ) | |
| Defendants. | ) | |

<u>ORDER AND MEMORANDUM OPINION</u>

BEATY, Chief Judge.

This matter is before the Court on a Motion to Dismiss [Doc. #6] filed by Defendant City of Greensboro ("Defendant" or "Greensboro") pursuant to Federal Rule of Civil Procedure 12(b)(6). In its Motion, Defendant seeks dismissal of Plaintiff Adrian Lewis Purcell's ("Plaintiff" or "Mr. Purcell") Complaint [Doc. #1] for failure to state a claim against Greensboro upon which relief can be granted. For the reasons set forth below, Defendant's Motion to Dismiss will be GRANTED, and Plaintiff's Complaint will be DISMISSED as against Greensboro.

I.   FACTUAL BACKGROUND

Plaintiff's Complaint contains the following factual allegations. Plaintiff is a citizen and resident of Reidsville, North Carolina. (Complaint ¶ 3). On or about September 23, 2006, at approximately 3:00 a.m., while Plaintiff was traveling on High Point Road, near I-40 U.S. Highway, in Greensboro, North Carolina, Officer C. Stevens of the Greensboro Police Department ("Officer Stevens") attempted to stop Plaintiff for a traffic violation, but Plaintiff drove off. (Complaint ¶¶ 7, 8). Plaintiff later stopped and exited his vehicle while being approached by Officers Stevens and D.S. Atkins. (Complaint ¶ 9). Plaintiff fled on foot and

Officer Stevens, with blue lights and sirens activated, pursued Plaintiff along Isler Court. (Complaint ¶¶ 9, 10). Officer Stevens passed Plaintiff, turned right onto Athena Court and stopped his vehicle. (Complaint ¶10). Plaintiff, while running on the grass on Isler Court, fell down, got up and proceeded to run across Athena Court behind Officer Stevens' vehicle. (Complaint ¶ 11). Officer T. Andrew Boyer of the Greensboro Police Department ("Officer Boyer"), joined the chase in a marked police vehicle. (Complaint ¶ 12). Officer Boyer left the paved street on Isler Court and drove through the grass in an attempt to apprehend Plaintiff. (Complaint ¶ 13). As Plaintiff ran across Athena Court behind Officer Stevens' stopped vehicle, Officer Boyer drove his vehicle into Plaintiff in an attempt to stop and apprehend him. (Complaint ¶ 14). Officer Boyer's vehicle also hit Officer Stevens' stopped vehicle. (Complaint ¶ 30(g)).

As a result of the incident, Plaintiff sustained compound comminuted fractures to his leg, which caused his leg to be amputated. (Complaint ¶ 15). Plaintiff was thereafter left with extensive medical bills and is now disabled. (Id.). When Officer Boyer's vehicle hit Plaintiff, it was traveling between 25 and 35 miles per hour and caused damage in excess of $4,000.00 to Officer Boyer's vehicle, and damage in excess of $1,000.00 to Officer Stevens' stopped vehicle. (Complaint ¶ 16). Plaintiff was arrested and charged with a number of offenses, including: (1) Driving While Impaired; (2) Driving With License Revoked; (3) Flee/Elude Arrest With Motor Vehicle; and (4) Resisting Public Officer by Fleeing on Foot. (Complaint ¶ 19).

On July 19, 2011, Plaintiff filed this civil action against Greensboro and Officer Boyer, individually, alleging that Officer Boyer made an unreasonable seizure of Plaintiff's person,

2

violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution, and that Officer Boyer assaulted and battered Plaintiff. (Complaint ¶ 2). As it relates to Greensboro, Plaintiff, pursuant to 42 U.S.C. § 1983, alleged municipal liability for the alleged constitutional violations committed by Officer Boyer, in that, Officer Boyer's alleged violations were committed as a result of policies, practices, and customs of Greensboro (Id.).

On August 31, 2011, Greensboro filed the present Motion to Dismiss, contending that "Greensboro is entitled to an Order dismissing the Plaintiff's Complaint with prejudice for failure to state any facts which support his claim for relief." (Def.'s Mot. to Dismiss [Doc. #6] at 2). The Court notes that the Motion to Dismiss relates only to Plaintiff's allegations against Greensboro, and not to Plaintiff's allegations against Officer Boyer, individually. As such, the Court will address the sufficiency of Plaintiff's Complaint only as to the allegations against Greensboro.

II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), tests "the sufficiency of a complaint," and "importantly, does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). In conducting its review, the Court "will construe factual allegations in the non-moving party's favor and will treat them as true, but the [C]ourt

3

is not bound by the [C]omplaint's legal conclusions." Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir 2009) (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991)). To survive a Rule 12(b)(6) motion to dismiss, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." Id. (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007)). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965). Therefore, a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." Id.

III. ANALYSIS

Title 42, United States Code, Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. It is well established that municipalities are among those "persons" who may be held liable under § 1983. Monell v. Dep't of Soc. Serv.

4

of the City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978). However, a municipality cannot be held liable under § 1983 based on a *respondeat superior* theory. Id. at 691, 98 S. Ct. at 2036. Instead, "[t]o state a cause of action against a municipality, a [S]ection 1983 Plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Alexander v. City of Greensboro, 762 F. Supp. 2d 764, 781 (M.D.N.C. 2011) (quoting Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 530 (M.D.N.C. 2008)); see Jordan ex. rel Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). A "policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so "persistent and widespread" as to constitute a custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted) (citing Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)).

In relevant part, Plaintiff's Complaint alleges that:

Defendant City of Greensboro, with deliberate indifference, gross negligence, and/or reckless disregard to the safety, security, constitutional and statutory rights of Plaintiff authorized, manifested, enforced, tolerated, ratified, permitted, acquiesced in and/or applied inter alia, the following policies and practices:

(a) Condoning and encouraging officers in the improper use of excessive force and violence toward members of the public, including the Plaintiff in this action;
(b) Condoning and encouraging officers to use "curbside justice," i.e., to summarily punish members of the public whose words, attitudes or behavior are deemed offensive to such officers;

5

(c) Failing to adequately train, supervise and control officers in the use of force in the investigation and apprehension of suspects;
(d) Failing to establish a policy for using force in detaining and apprehending suspects;
(e) Condoning and encouraging the infliction of summary punishment on persons who are in custody;
(f) Maintaining a policy of indifference and inaction when confronted with patterns of unlawful treatment of African Americans;
(g) In Plaintiff's case the City policymakers found a violation for Officer Boyer hitting the other police car but found no violation for hitting Plaintiff.

(Complaint ¶ 30).

Plaintiff further alleges that "[p]roximately and solely as a result of the foregoing omissions, policies, acts and customs of the City of Greensboro, its police department, officers and agents [P]laintiff suffered severe mental anguish and physical pain, medical expenses and loss of income in connection with the violation of his constitutional rights." (Complaint ¶ 31).

In support of its Motion to Dismiss, Defendant contends that "the Complaint neglects to state a single fact which appears to support [the] claim against Greensboro." (Def.'s Br. in Supp. of its Mot. to Dismiss [Doc. #6], at 4). Defendant further contends that "the Complaint also discloses a factual allegation that defeats [Plaintiff's] claim against Greensboro," in that, "Plaintiff alleges that [O]fficer Boyer violated Greenboro Police Dep[artment] policy by causing his injury." (Id. at 7). Specifically, Defendant asserts that "the Plaintiff cannot sustain a claim against Greensboro for enactment of policies that caused his injury while contradicting this theory by alleging that [Officer] Boyer violated Greensboro policies in causing the injury."[1] (Id.).

---

[1] With regard to Defendant's contention that Plaintiff's Complaint contains inconsistent statements, the Court notes that pursuant to Federal Rule of Civil Procedure 8(d)(2), "[a] party may set out [two] or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones. . . [and] the pleading is sufficient if any one of them is sufficient." Fed. R. of Civ. P. 8(d)(2). In construing Rule 8(d)(2), which was previously Rule

6

With regard to Defendant's contention that Plaintiff's Complaint, as against Greensboro, lacks factual sufficiency, the Court reiterates that pursuant to Iqbal and Twombly, a mere recitation of the elements of a cause of action will not suffice. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (finding that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"; instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); Twombly, 550 U.S. at 555; 127 S. Ct. at 1964-65. While "it is true that Plaintiff need not establish a prima facie case at this stage, Iqbal and Twombly require more than claims from which mere possibility can be inferred; they require facts showing plausibility." Alexander, 762 F. Supp. 2d at 782. Additionally, the Fourth Circuit has found that "§ 1983 complaints which on critical elements of a claim merely recite legal conclusions "wholly devoid of facts," may properly be dismissed for insufficiency of statement." Revene v. Charles Cnty Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989) (citing Straus v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985)).

In considering Plaintiff's allegations against Greensboro, the Court finds that Plaintiff has failed to plead any facts to support his allegations from which the Court could reasonably infer the existence of a policy or custom attributable to Greensboro and that such policy or

---

8(e)(2), courts have found that "it would be inappropriate for the court to construe one claim in [the] complaint as an admission against the propriety of another alternative or inconsistent claim in the same complaint." In re Lee Memory Gardens, Inc., No. 02-82662C-7G, 2004 WL 3510103, at *2 (M.D.N.C. Nov. 15, 2004) (citing Henry v. Daytop Vill., Inc., 42 F.3d 89, 95 (2d Cir. 1994) (explaining that where Plaintiff pleads inconsistent claims, neither claim may be construed as an admission that bars the other claim)). Consequently, the Court finds that were the only basis for dismissal of the Complaint merely Defendant's contention that there exists inconsistent statements in the Complaint, dismissal for that reason alone would be inappropriate.

custom proximately caused the constitutional depravation that Plaintiff alleges. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Plaintiff's allegations against Greensboro are asserted entirely as legal conclusions. Specifically, Plaintiff alleges that Greensboro condoned and encouraged officers in the improper use of excessive force and violence towards members of the public, including Plaintiff, that Greensboro condoned the use of "curbside justice" by its officers, that Greensboro condoned and encouraged the infliction of summary punishment on persons in custody, that Greensboro failed to establish a policy for using force in detaining and apprehending suspects, and that Greensboro policymakers found a violation for Officer Boyer hitting the other police car, but found no violation for hitting him. Plaintiff appears to suggest that the incident that caused his injury was indicative of a larger pattern or practice by which Greensboro actually encouraged its officers to use excessive force when investigating and apprehending suspects and by which Greensboro evidenced indifference and inaction when confronted with patterns of unlawful treatment of African Americans. However, Plaintiff offers no other specific instances of police misconduct which would suggest that the incident here alleged was anything but a singular act by an individual officer. Facts relating to the incident surrounding Plaintiff's injury, standing alone, do not suffice to establish the existence of a policy or custom by which Greensboro encouraged its officers to use excessive force and violence when investigating and apprehending suspects. See Revene, 882 F.2d at 875 (explaining that "claimant must allege some fact or facts tending to support [his] assertion that municipal policy has caused his constitutional injury" and that "[a] single act of the type here alleged cannot suffice, standing alone, to establish the existence of such a policy") (citing City of Oklahoma City

8

v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); Strauss, 760 F.2d at 767).

Further, in alleging that Greensboro failed to adequately train, supervise and control officers in the use of force in the investigation and apprehension of suspects, Plaintiff fails to allege any supporting facts of even a general nature which would suggest the existence of the alleged deficiency in training. See Revene, 882 F.2d at 875 (finding that dismissal of the plaintiff's allegation of a municipal policy of inadequate training for off-duty conduct was warranted where the complaint failed to include supporting facts that suggested any specific deficiencies in training for off-duty conduct, or that the alleged incident was anything but an aberrational act by an individual officer); Hutchison v. Metro. Gov't of Nashville and Davidson, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (finding that the plaintiff's assertion that Defendant Metropolitan Government failed to adequately train its officers was not enough to state a claim where no additional factual support was alleged in the complaint). Specifically, Plaintiff's Complaint does not plead any facts relating to Greensboro's training or supervision programs for its police officers. See Burnley v. Norwood, No. 3:10CV264, 2010 WL 3063779, at *6 (E.D. Va. Aug. 4, 2010) (finding that dismissal of the plaintiff's claim alleging deficiency in police training programs was warranted because Plaintiff failed to plead any facts relating to training and supervision programs). Rather, Plaintiff merely states in his Response to Defendant's Motion to Dismiss, that "[i]n examining the factual allegations, the Court must give the [P]laintiff the benefit of imagination, so long as the hypotheses are consistent with the [C]omplaint." (Pl. Resp. to Def.'s Mot. to Dismiss [Doc. #9], at 4). The Court notes that

9

pursuant to the standard governing Rule 12(b)(6) motions to dismiss, where the Complaint contains well-pleaded factual matter, the Court will draw reasonable inferences from those facts, taken as true, which would suggest the existence of the misconduct alleged in the Complaint. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. As previously noted, however, Plaintiff's Complaint is devoid of factual allegations from which the Court could reasonably infer the existence of the alleged policies and customs by which Greensboro failed to train, supervise and control its officers in the use of force. As such, the Court finds that Plaintiff's Complaint is insufficient and does not satisfy the pleading standards of Rule 12(b)(6). Therefore, the Court concludes that Plaintiff has failed to state a claim against Greensboro upon which relief can be granted.

IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss will be GRANTED, and Plaintiff's Complaint as to the City of Greensboro will be DISMISSED.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #6] is hereby GRANTED, and Plaintiff's Complaint [Doc. #1] is hereby DISMISSED as to the City of Greensboro.

This, the 14th day of May, 2012.

United States District Judge